PETITION FOR DISBARMENT OF L. PERCY QUINN, SR.

No. 39546　　　March 28, 1955　　　78 So. 2d 883

*W. W. Pierce,* Jackson, for appellant.

*Thomas H. Watkins, Jack H. Ewing, M. B. Montgomery, Stokes V. Robertson, Sr., George F. Woodliff, Robert Burns, Ray Edwards, C. B. Snow, Robert E. Perry, Garner W. Green, Jr., D. W. Morse,* Jackson, for appellee.

Hall, J.

This is an appeal from a decree of the chancery court permanently disbarring L. Percy Quinn, Sr., from the practice of law. The charges were preferred by a committee appointed by decree of the chancellor for that purpose and consisted of three specifications, all of which the chancellor found were sustained by the proof.

Under Section 8715, Code of 1942, it is our duty to consider the evidence as disclosed by the record and decide all questions of law and fact and render such final judgment as we may consider proper, we being the final judge of the facts and of the judgment to be rendered thereon. The proof of guilt must be clear and convincing. Ex Parte Redmond, 156 Miss. 439, 125 So. 833.

We have carefully reviewed the entire evidence and we are of the opinion that the proof is sufficient to sustain two of the charges and insufficient to sustain one of them, but the nature of the charges in this case are not so serious as in our judgment to warrant a permanent disbarment of appellant for the protection of the public. After a most careful consideration of the charges and the evidence we are of the opinion that the ends of justice will be met by requiring appellant to pay back to Mrs. Mary Frances Smith the sum of $150.00 which was collected from her as a fee for prosecuting her appeal in a divorce case from the chancery to the Supreme Court and by suspending appellant from the practice of

law for a period of one year from the date of final judgment herein, and it is so ordered.

Affirmed in part and reversed in part and final judgment entered here.

All the justices concur except *Gillespie, J.,* who dissents.

GILLESPIE, Dissenting in Part:

I agree with the majority in all respects except that in my opinion the judgment of the lower court should be affirmed as entered. This would permit the respondent to file an application for reinstatement with the chancery or circuit court, as provided by statute.